IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Thomas E. Webb, ) | Case No. 8:13-cv-00229-JMC-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| HCA Nurse McDonald, Dr. Pate, Warden ) | |
| McCall, Nurse Ham, Dr. Drago, Nurse ) | |
| Fulton, and Dr. Benior ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on a motion for a preliminary injunction filed by Plaintiff. [Doc. 32.] Plaintiff, who was proceeding pro se at the time he filed this case and at the time he filed the motion for preliminary injunction,[1] brought this action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial proceedings in prisoner petitions for relief under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

## BACKGROUND

In his motion for preliminary injunction, Plaintiff alleges he has Hepatitis C that is being left untreated. [Doc. 32 at 3.] He states Defendants refuse to treat his chronic illness, and he believes he will suffer irreparable harm if the court does not intervene because his life is "on the line." [*Id.* at 1.] He alleges his health is declining as a result of

---

[1] The Court appointed Robert Butcher to represent Plaintiff on June 20, 2013. [Doc. 52.]

failing to receive treatment. [*Id.* at 2.] He seeks an injunction to require Defendants to provide him with care for his disease.[2]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids

---

[2] Although not specifically mentioned in the motion for preliminary injunction, a review of the Complaint indicates Plaintiff wishes to see a specialist for his liver. [Doc. 1 at 4.]

2

>  imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* at 310 (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Requirements for a Preliminary Injunction**

Usually, a temporary restraining order or preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit [and] ultimately to preserve the court's ability to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litigation*, 333 F.3d 517, 525 (4th Cir. 2003). However, mandatory

preliminary injunctions, which compel action, "do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citing *Interstate Commerce Comm'n v. Baltimore & Annapolis R.R. Co.*, 64 F.R.D. 337 (D. Md. 1974)).  Therefore, "a mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." *Microsoft*, 333 F.3d at 526.

In any event, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Coucil, Inc.*, 555 U.S. 7, 23 (2008) (citing *Munaf v. Green*, 553 U.S. 674, 689–90 (2008)).  To obtain a preliminary injunction, a plaintiff must show four elements:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

*Id.* at 20; *see also Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–47 (4th Cir. 2009) (explaining how the *Winter* standard for preliminary injunctions is different from the standard previously applied in the Fourth Circuit), *judgment vacated and remanded*, 130 S. Ct. 2371 (2010), *in light of Citizens United v. Fed. Election Comm'n*, 130

S. Ct. 876 (2010). The plaintiff must establish all four elements to receive injunctive relief. *Winter*, 555 U.S. at 20.

Under *Winter*, the Supreme Court requires "that the plaintiff make a clear showing that [he] will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at 346 (citing *Winter*, 555 U.S. at 20). Moreover, the party seeking the injunction must make a clear showing that it will likely suffer irreparable harm without an injunction. *Id.* at 347 (citing *Winter*, 555 U.S. at 20). Further, the Supreme Court in *Winter* emphasized the public interest requirement, requiring courts to pay "'particular regard for the public consequences in employing the extraordinary remedy of injunction.'" 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

## **DISCUSSION**

Plaintiff fails to show that he is entitled to relief under the factors set out in *Winter*. He has presented nothing to show that he is likely to be successful on his underlying claims. Moreover, the Court has found no evidence to corroborate or support Plaintiff's claim that he is currently receiving no treatment for his illness. To the contrary, Plaintiff concedes he has had primary care providers at Lee Correctional Institution—Dr. Drago, Nurse Fulton, and Dr. Benior. [Docs. 1-2 at 1; 1-4 at 1.] Accordingly, Plaintiff's request for injunctive relief appears to be based on a disagreement as to his medical treatment. Plaintiff wishes to be referred to a specialist about his liver. However, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981));

see *Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir. 1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10–cv–1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817). The fact that a prisoner believes he has a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g.*, *Russell*, 528 F.2d at 319.

Further, although Plaintiff speculates that he might suffer injury if he does not receive treatment, he fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction and has offered only his own conclusory allegations of potential harm to support his motion. Plaintiff has also not shown the balance of the equities tips in his favor or that the injunction is in the public interest.

Because the Court finds Plaintiff has failed to show any of the elements required for a preliminary injunction—much less all of the elements as required under *Winter*—his motion for injunctive relief should be denied.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion for preliminary injunction be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 4, 2014
Greenville, South Carolina