IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Thomas E. Webb | ) | Case No. 8:13-cv-00229-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| HCA Nurse McDonald; Dr. Pate; Warden | ) | |
| McCall; Nurse Ham; Dr. Drago; Nurse | ) | |
| Fulton; Dr. Benoir, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion for summary judgment filed by

Defendants. [Doc. 81.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local

Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial

matters in cases filed under 42 U.S.C. § 1983 and to submit findings and

recommendations to the District Court.

Plaintiff, proceeding pro se at the time,[1] filed this action on January 24, 2013,

against Defendants HCA Nurse McDonald, Dr. Pate, Warden McCall, and Nurse Ham,

alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] [Doc. 1.]

Plaintiff subsequently added Defendants Dr. Drago, Nurse Fulton, and Dr Benoir. [Docs.

1-2–1-4.] Defendants filed a motion for summary judgment on May 29, 2014. [Doc. 81.]

On June 16, 2014, Plaintiff's counsel, Robert Butcher ("Mr. Butcher"), filed a response in

---

[1]The Court appointed Robert Butcher to represent Plaintiff on June 20, 2013. [Doc. 52.]

[2]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on January 22, 2013. [Doc. 1-1 at 1(envelope stamped as received by the prison mail room on January 22, 2013).]

opposition to the motion for summary judgment, (a) stating he had reviewed the facts of the case, consulted with experts, and discussed the case with Plaintiff following Plaintiff's deposition, and (b) seeking to be relieved from further representation in this matter because Mr. Butcher believed he and Plaintiff were at odds with respect to how to proceed with a response to Defendants' motion for summary judgment. [Doc. 82.] Mr. Butcher also filed a motion to withdraw as attorney. [Doc. 83.] On July 21, 2014, the Court denied the motion to withdraw as attorney, but directed Mr. Butcher to remain on the case solely to assist Plaintiff with filing a pro se response to the motion for summary judgment. [Doc. 86.] A second response in opposition to the motion for summary judgment was filed on October 17, 2014[3] [Doc. 92], and a reply was filed on October 27, 2014 [Doc. 94]. The motion is ripe for review.

## BACKGROUND

Plaintiff, who is in the custody of the South Carolina Department of Corrections ("SCDC") and housed at Lee Correctional Institution, has filed a bare-bones Complaint that states,

> I have Hepatitis. My liver is failing. I have serious and chronic pain. Swelling of hands, legs, stomach, arms and feet. Sick but they will not provide treatment.
>
> I got Hep-C and the defendants refuse to treat me.
>
> I am asking for a preliminary injunction so the defendant will treat me before I die.

---

[3]Although this second response in opposition was filed after the deadline set by the Court's July 21, 2014 Order, given Plaintiff's representations that he cannot read or write, the Court will consider the untimely response in opposition when making its recommendation.

Li[f]e is reall[y] bad off.

Need to see specialist on liver.

[Doc. 1 at 3–4.]  Plaintiff seeks intervention to force Defendants to provide Hepatitis C treatment as well as a preliminary injunction.[4]  [*Id.* at 5.]

## APPLICABLE LAW

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this

---

[4]The Court denied Plaintiff's motion for preliminary injunction on March 7, 2014. [Doc. 79.]

3

constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly

attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the

non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp*., 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Deliberate Indifference to Medical Needs**

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs by failing to treat Plaintiff's Hepatitis C. [Doc. 1.] Defendants argue Plaintiff cannot

6

show Defendants were deliberately indifferent to Plaintiff's medical needs. [Doc. 81-1 at 3–10.]  The Court agrees Defendants are entitled to summary judgment.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a cause of action under § 1983 because deliberate indifference constitutes "the 'unnecessary and wanton infliction of pain.'"  *Estelle*, 429 U.S. at 104–05 (quoting  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)).  Deliberate indifference exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk.  *See Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *Miltier v. Beorn*, 896 F.2d 848, 851–52 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard. A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." (citation omitted)).  Within the United States Court of Appeals for the Fourth Circuit, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to violate a prisoner's Eighth Amendment rights.  *Miltier*, 896 F.2d at 851.

To prevail on an Eighth Amendment claim, the prisoner must demonstrate (1) his medical condition was a sufficiently serious one[5] and (2) subjectively, the prison officials acted with a sufficiently culpable state of mind, which is satisfied by showing deliberate

---

[5]"A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990) (citing *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987); *Hendrix v. Faulkner*, 525 F. Supp. 435, 454 (N.D. Ind.1981)).

indifference by the prison officials.  *Goodman v. Wexford Health Sources, Inc.*, No. 09-6996, 2011 WL 1594915, at *1 (4th Cir. Apr. 28, 2011) (quoting *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998)).  As the United States Supreme Court has explained,

> Since, we said, only the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs.  "It is *only* such indifference" that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnos[is]," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (emphasis and alteration in original) (citations omitted).  Further, in the context of prisoner medical care, the Constitution requires only that prisoners receive adequate medical care; a prisoner is not guaranteed his choice of treatment.  *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citing *Layne v. Vinzant*, 657 F.2d 468, 471 (1st Cir. 1981)); *see Russell v. Sheffer*, 528 F.2d 318, 318 (4th Cir. 1975) (citing *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir.1969); *Hirons v. Director*, 351 F.2d 613 (4th Cir.1965)) ("Prisoners are entitled to reasonable medical care."); *see also, e.g.*, *Barton v. Dorriety*, No. 9:10-cv-1362, 2011 WL 1049510, at *2 (D.S.C. Mar. 21, 2011) (citing *Jackson*, 846 F.2d at 817).  The fact that a prisoner believed he had a more serious injury or that he required better treatment does not establish a constitutional violation.  *See, e.g.*, *Russell*, 528 F.2d at 319.

Assuming without deciding that Plaintiff can establish his medical needs were sufficiently serious, he has failed to establish a genuine issue of material fact remains as to whether Defendants acted with a sufficiently culpable state of mind.  Defendants have submitted the affidavit of John McRee, M.D., the acting Medical Director for SCDC, in

which Dr. McRee avers that the protocol in place for managing SCDC inmates with Hepatitis C during the 2012 through 2013 time frame was governed by HSP 4000.12.[6] [Doc. 81-2 ¶ 8.]  HSP 4000.12 provides that the following criteria must be met before proceeding with any further testing:

1.    The inmate must have a minimum of two years remaining in his/her sentence;

2.    The inmate must be, in the opinion of the individual practitioner, compliant with any current medical treatments;

3.    The inmate must have no drug/alcohol or medication hoarding convictions against him at any time during his incarceration; and

4.    The inmate must be counseled.

[Doc. 81-3 at 38.]  HSP 4000.12 further provides that if the inmate meets all of these criteria, the next step is to evaluate the inmate for medical conditions that would be absolute exclusions from treatment, including severe uncontrolled psychiatric disease, particularly depression with a history of or current suicidal risk.  [*Id.*]

Plaintiff has "a long-standing mental health history, including a diagnosis of bi-polar disorder, which was managed with the administration of anti-psychotic medications." [Doc. 81-2 ¶ 9; *see also* Doc. 81-4 at 15 (Plaintiff's deposition testimony, stating he had been diagnosed with bipolar disorder almost all of his life).]  Additionally, Plaintiff has reported "a history of hallucinations, has suffered from severe anxiety and depression, and has had prior suicidal ideations."  [Doc. 81-2 ¶ 9; *see also* Doc. 81-4 at 15 (Plaintiff's deposition

_____

[6]Dr. McRee avers that HSP 4000.12 is similar to protocols in other state correctional facilities and the Federal Bureau of Prisons.  [Doc. 81-2 ¶ 7.]

testimony, stating he has seen shadows and heard voices that were not real and has had issues with depression and anxiety).] Accordingly, Plaintiff was determined not to be an appropriate candidate for Hepatitis C treatment with anti-viral medications because of his psychiatric condition. [Doc. 81-2 ¶ 11.]

Although Plaintiff may disagree with this decision, he has failed to show a genuine issue of material fact remains as to whether Defendants acted with a sufficiently culpable state of mind to rise to the level of deliberate indifference. *See Batchelor v. Drago*, C/A No. 5:12-cv-2585 DCN, 2014 WL 508471 (D.S.C. Feb. 6, 2014) (adopting Report and Recommendation recommending that summary judgment be granted on a deliberate indifference to medical needs claim with respect to an inmate who was denied anti-viral treatment for Hepatitis C). Moreover, Plaintiff has failed to offer any evidence to show that he is an appropriate candidate for Hepatitis C anti-viral treatment as outlined in SCDC policies and procedures. Defendants have submitted Plaintiff's medical records from January 2, 2011 through June 17, 2013 [Docs. 81-2 at 4–81-3 at 36], which establish that Plaintiff has been seen and monitored by medical staff quite frequently for Hepatitis C and other conditions but that he does not qualify for Hepatitis C treatment because of his mental health treatment and previous charges [*see, e.g.*, Doc. 81-2 at 5 (encounter 501)]. Dr. McRee avers that the anti-viral medications used to treat Hepatitis C have severe side effects and significantly affect patients who have a history of psychiatric disease, including aggravating symptoms of depression and increasing risk of suicide.[7] [Doc. 81-2 ¶ 5.] As

---

[7]Dr. McRee also avers that the generally accepted treatment protocols for Hepatitis C are currently in a state of flux with many physicians and patients choosing to postpone treatment by the current anti-viral medications in favor of upcoming drugs, which are expected to reduce potential complications, length of treatment, and patient side effects.

10

stated, HSP 4000.12 provides that severe uncontrolled psychiatric disease, particularly depression with a history of or current suicidal risk is an absolute exclusion from treatment for Hepatits C.  [Doc. 81-3 at 38.]  Accordingly, Defendants' motion for summary judgment should be granted with respect to the deliberate indifference to medical needs claim.[8]

**Qualified Immunity**

Defendants also argue they are entitled to qualified immunity.  [Doc. 81-1 at 10–12.]  The Court agrees.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right.  *Id.*  Further, qualified immunity is "an immunity

---

[Doc. 81-2 ¶ 4.]

[8]To the extent Plaintiff attempts to raise a claim of deliberate indifference to medical needs against Warden McCall, a non-medical personnel defendant, for deliberate indifference to medical needs, his claim must fail.  To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct.  *Miltier*, 896 F.2d at 854.  Moreover, because most prison officials are not trained medical personnel, they are entitled to rely on the opinions, judgment, and expertise of medical personnel concerning the course of treatment that the medical personnel deemed necessary and appropriate for the prisoner.  *See id.*  Plaintiff has made no showing that Warden McCall engaged in the type of conduct required by controlling case law to establish a claim of deliberate indifference to medical needs against a non-medical defendant.

from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were

12

arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Defendants violated Plaintiff's constitutional rights. Therefore, Defendants are entitled to qualified immunity.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 18, 2014
Greenville, South Carolina

13