**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Thomas E. Webb, | ) | |
| | ) | Civil Action No. 8:13-cv-00229-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| HCA Nurse McDonald, Dr. Pate, Warden | ) | |
| McCall, Nurse Ham, Dr. Drago, Nurse | ) | |
| Fulton, Dr. Benior, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Thomas E. Webb ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to a serious medical need by Defendants HCA Nurse McDonald, Dr. Pate, Warden McCall, Nurse Ham, Dr. Drago, Nurse Fulton, and Dr. Benior (collectively "Defendants"). (ECF No. 1.) This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 81).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On November 18, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment. (ECF No. 95.) This review considers Plaintiff's Objection to the Magistrate's Report and Recommendation ("Objections"), filed November 26, 2014. (ECF No. 98.) For the reasons set forth herein, the court **ACCEPTS** in part and **REJECTS** in part the Magistrate Judge's Report. The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 81).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See*

ECF No. 95.)   The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference.   The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Lee Correctional Institution within the South Carolina Department of Corrections ("SCDC").   (ECF No. 1 at 2.)   On January 29, 2013, with the assistance of another inmate, Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants' failure to treat Plaintiff for Hepatitis C amounts to deliberate indifference to a serious medical need in violation of the Eighth Amendment prohibition against cruel and unusual punishment. (ECF No. 1.)   Plaintiff seeks the court's intervention to "make them help fix me [and] provide Hep-C treatment."   (*Id.* at 5.)   The Magistrate Judge appointed counsel to Plaintiff on June 20, 2013, as Plaintiff cannot read or write.   (ECF No. 52.)   On May 29, 2014, Defendants filed a Motion for Summary Judgment.   (ECF No. 81.)   On June 16, 2014, Plaintiff's counsel indicated he had discussed the case with Plaintiff, but that he and Plaintiff were "at odds in how to address and proceed with a response to Defendants' Motion for Summary Judgment" and moved to withdraw as attorney.   (ECF Nos. 82 at 1; 83.)   The Magistrate Judge denied counsel's motion, citing Plaintiff's inability to read and write, but required counsel to remain on the case "solely to assist Plaintiff with filing a pro se response to the motion for summary judgment to the extent Plaintiff has any procedural questions."   (ECF No. 86.)   Plaintiff filed a response in opposition to the Motion for Summary Judgment on October 17, 2014 (ECF No. 92) and Defendants filed a reply to the response on October 27, 2014 (ECF No. 94).

On November 18, 2014, the Magistrate Judge issued the Report recommending the court grant summary judgment for Defendants.   (ECF No. 95.)   The Magistrate Judge found that even if Plaintiff could establish his medical needs were sufficiently serious, he "has failed to establish

a genuine issue of material fact remains as to whether Defendants acted with a sufficiently culpable state of mind." (*Id.* at 8.)  Further, the Magistrate Judge found that Defendants are entitled to qualified immunity. (*Id.* at 11.)

Plaintiff timely filed his Objections to the Report on November 26, 2014.  (ECF No. 98.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.   The recommendation has no presumptive weight.   The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections.  Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

1984).   If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

Plaintiff first objects to the Magistrate Judge's finding that Defendants are entitled to qualified immunity.  (ECF No. 98 at 1.)  Plaintiff notes that qualified immunity is a defense with respect to damage actions, but not for actions requesting injunctive relief, as Plaintiff requests. (*Id.*, citing *Morse v. Frederick,* 551 U.S. 393, 432 (2007).)  The court agrees that Defendants are not entitled to qualified immunity in this action.   Plaintiff has made no request for money damages, only that the court compel action.  "The defense of qualified immunity has no bearing, however, on claims for prospective court action such as injunctive relief."  *Williams v. Ozmint,* 716 F.3d 801, 808 (4th Cir. 2013) (citing *Rowley v. McMillan,* 502 F.2d 1326, 1331 (4th Cir. 1974); *Sudler v. City of New York,* 689 F.3d 159, 177 (2d Cir. 2012).).   As such, qualified immunity is not a defense available to Defendants and the court declines to adopt the portion of the Report recommending the court grant summary judgment based on this defense.

However, the court adopts the Magistrate Judge's recommendation that summary judgment be granted on the merits of the deliberate indifference to a serious medical need claim. Plaintiff "disagrees with the Magistrate's findings of fact" and "asks the Court to disregard" two findings: 1) that Plaintiff has a long-standing mental health history, and 2) that Plaintiff has drug charges that prevent him from receiving Hepatitis C treatment.  (ECF No. 2 at 1-2.)  On the first point, Plaintiff "asserts that his mental health issues are minor and under control."  (*Id.* at 2.) "On summary judgment the inferences to be drawn from the underlying facts… must be viewed in the light most favorable to the party opposing the motion."  *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).  However, even viewed in light most favorable to Plaintiff, the court cannot agree with Plaintiff that his mental health history is minor.  In his deposition, Plaintiff

admits to having a history of hearing voices and seeing shadows that are not there. (ECF No. 81-4 at 15.) These are serious mental health issues, and even if Plaintiff is to be believed that these conditions are "under control," the treatment Plaintiff seeks is known to exacerbate preexisting mental conditions. (ECF No. 81-2 ¶ 5.) Far from demonstrating deliberate indifference, the decision not to treat Plaintiff indicates a concern by Defendants for his wellbeing and the safety of others. As such, Plaintiff cannot, as the Magistrate Judge noted, show a genuine issue of material fact that Defendants had a sufficiently culpable state of mind when declining treatment.

To Plaintiff's second point, although he may dispute that he has drug charges that would exclude him from receiving treatment under SCDC Policy HSP 4000.12, which requires as one of four criteria to receive treatment for Hepatitis C, inmates "must have no drug/alcohol or medication hoarding convictions against him at any time during his incarceration" (ECF No. 95 at 9.), the record indicates such charges exist in Plaintiff's record. Encounter 501 in Plaintiff's medical summary notes "this inmate does not qualify for Hep C treatment because of mental health treatment, and previous charges." (ECF No. 81-2 at 5.) Plaintiff offers no evidence to dispute the charges, nor explanation for why they would be noted in his record. As such, Plaintiff cannot demonstrate a genuine issue of material fact on this point regarding Defendants' culpable state of mind.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** in part and **REJECTS** in part the Report of the Magistrate Judge (ECF No. 95). It is therefore ordered that Defendants' Motion for Summary Judgment (ECF No. 81) is **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 30, 2014
Columbia, South Carolina